## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| WORKFORCE SOFTWARE, LLC, a Delaware limited liability company, <br><br> Plaintiff, <br><br> vs. <br><br> WORKFORCE.COM, INC., a Delaware corporation f/k/a TANDA, INC., WORKFORCE IP LIMITED, a United Kingdom limited liability company, and HCMA, Inc. d/b/a HUMAN CAPITAL MEDIA, a Delaware corporation, <br><br> Defendants. | **COMPLAINT FOR TRADEMARK INFRINGEMENT, UNFAIR COMPETITION, AND CYBERSQUATTING** <br><br> **(JURY DEMAND)** |

Plaintiff, Workforce Software, LLC ("Plaintiff" or "Workforce"), states for its Complaint against Defendants Workforce.com, Inc. f/k/a Tanda, Inc. ("Tanda"), Workforce IP Limited ("Tanda IP"), and HCMA, Inc. d/b/a Human Capital Media ("HCMA") (together with Tanda and Tanda IP, "Defendants"), the following:

### THE PARTIES

1.      Plaintiff Workforce is a Delaware limited liability company whose principal place of business is located at 38705 Seven Mile Road, Livonia, Michigan, 48152.

2.      Defendant Tanda is a Delaware corporation whose principal place of business is located at 150 N. Michigan Ave., Suite 550, Chicago, Illinois, 60601.  Tanda is a corporate affiliate of Tanda IP and HCMA.

3.      Defendant Tanda IP is United Kingdom limited liability company whose principal place of business is located at The Frames, Office 208, 2nd Floor, 1 Phipp Street, London, EC2A4PS, United Kingdom.  Tanda IP is a corporate affiliate of Tanda and HCMA.

4.      Defendant HCMA is a Delaware corporation whose principal place of business is located at 150 N. Michigan Avenue, Suite 550, Chicago, IL, 60601.  HCMA is a corporate affiliate of Tanda and Tanda IP.

## JURISDICTION

5.      This Court has subject-matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338 because this is a trademark infringement and anti-cybersquatting case arising under the laws of the United States, specifically arising under the Trademark Act of 1946, Pub. L. 79-489, 60 Stat. 427, codified at 15 U.S.C. § 1051 *et seq*. (hereinafter, the "Lanham Act"), and arising under the Anti-cybersquatting Consumer Protection Act, Pub. Law 106-113, codified at 15 U.S.C. § 1125(d) (hereinafter, the "ACPA").

6.      This Court has personal jurisdiction over Tanda because it is physically present in this judicial district and because this Court's exercise of personal jurisdiction over Tanda is constitutionally reasonable.

7.      This Court has personal jurisdiction over Tanda IP because, as the owner of Defendants' WORKFORCE and Design mark, it has purposefully directed Defendants' use of Defendants' WORKFORCE and Design mark in commerce in this judicial district, and because this Court's exercise of personal jurisdiction over Tanda IP is constitutionally reasonable.  In addition, or alternatively, this Court has personal jurisdiction over Tanda IP pursuant to Rule 4(k)(2) of the Federal Rules of Civil Procedure based upon Tanda IP's contacts with the United States and because this Court's exercise of personal jurisdiction over Tanda IP is constitutionally reasonable.

8.      This Court has personal jurisdiction over HCMA because it is physically present in this judicial district and because this Court's exercise of personal jurisdiction over HCMA is constitutionally reasonable.

9.      Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b)(2) and

1391(b)(3).

## ALLEGATIONS COMMON TO ALL COUNTS

*Plaintiff and its Family of "Workforce" Trademarks*

10.     Since at least 1999, Plaintiff has been, and still is, engaged in the development, marketing, and sale of computer software for timekeeping and workforce management, namely, for tracking, recording, analyzing and managing the time and activities of employees, contractors, contingent workers and other staff and consulting services related to implementation of computer software and programs for others under the marks WORKFORCE™ and WORKFORCE SOFTWARE®, and related marks, all containing the words "WORKFORCE" or "WORKFORCE SOFTWARE."

11.     Plaintiff's family of trademarks includes, for example, the following marks: (1) WORKFORCE SOFTWARE®; (2) WORKFORCE SOFTWARE and Design®; (3) WFS A WORKFORCE SOFTWARE COMPANY and Design® and WFS A WORKFORCE SOFTWARE COMPANY and Design® (hereinafter, collectively the "WORKFORCE™ SOFTWARE Marks").

12.     Plaintiff has used and continues to use its WORKFORCE™ SOFTWARE Marks extensively in connection with computer software for timekeeping and workforce management, namely, for tracking, recording, analyzing and managing the time and activities of employees, contractors, contingent workers and other staff and consulting services related to implementation of computer software and programs for others.

13.     There is a huge demand for computer software for timekeeping and workforce management, namely, for tracking, recording, analyzing and managing the time and activities of employees, contractors, contingent workers and other staff and consulting services related to implementation of computer software and programs for others bearing Plaintiff's WORKFORCE™ SOFTWARE Marks.

3

14.     Plaintiff offers its goods and services for computer software for timekeeping and workforce management, namely, for tracking, recording, analyzing and managing the time and activities of employees, contractors, contingent workers and other staff and consulting services related to implementation of computer software and programs for others on its website www.workforcesoftware.com, where it appears, as follows:



15.     Since at least 1999, Plaintiff has continuously used and promoted its WORKFORCE™ SOFTWARE Marks.  Plaintiff's family of WORKFORCE™ SOFTWARE Marks is the subject of substantial and continuous marketing and promotion by Plaintiff in connection with its computer software for timekeeping and workforce management.  Plaintiff has and continues to widely market and promote its family of WORKFORCE™ SOFTWARE Marks in the industry and to consumers by, for example, displaying the WORKFORCE™ SOFTWARE Marks on computer software, on product samplings, on promotional and point of sale materials, in magazines and other industry publications, on the workforcesoftware.com website, and other Internet websites and social media sites, and at trade shows.  In addition, Plaintiff promotes the WORKFORCE™ SOFTWARE Marks through, for example, its www.workforcesoftware.com website, which is published nationwide and internationally.

16.     By virtue of Plaintiff's continuous and substantial use of its WORKFORCE™ SOFTWARE Marks in commerce, Plaintiff has developed strong common law rights in its WORKFORCE™ SOFTWARE Marks.

17.     In addition to its common law trademark rights, Plaintiff also owns four U.S.

Trademark registrations.

18.     Plaintiff owns U.S. Trademark Registration No. 4,608,651 for the mark WORKFORCE SOFTWARE® in International Class 42 for use in connection with, "consulting services related to implementation of computer software and programs for others," which registration issued September 23, 2014 and is based on an application filed in the United States Patent and Trademark Office (the "USPTO") on December 3, 2013 (hereinafter, the " '651 Registration"). A true and correct copy of the '651 Registration is attached hereto as Exhibit A.

19.     Plaintiff also owns U.S. Trademark Registration No. 4,681,022 for the WORKFORCE SOFTWARE and Design® mark in International Class 42 for use in connection with "consulting services related to implementation of computer software and programs for others," which registration issued February 3, 2015 and is based on an application filed in the USPTO on May 2, 2014 (hereinafter, the " '022 Registration"). A true and accurate copy of the '022 Registration is attached hereto as Exhibit B.

20.     Plaintiff also owns U.S. Trademark Registration No. 4,830,531 for the WFS A WORKFORCE SOFTWARE COMPANY and Design® mark in International Class 9 for use in connection with "computer software for timekeeping and workforce management, namely, for tracking, recording, analyzing and managing the time and activities of employees, contractors, contingent workers and other staff;" and in International Class 42 for use in connection with "consulting services related to implementation of computer software and programs for others," which registration issued October13, 2015, and is based on an application filed in the USPTO on February 6, 2015 (hereinafter, the " '531 Registration"). A true and accurate copy of the '531 Registration is attached hereto as Exhibit C.

21.     Plaintiff also owns U.S. Trademark Registration No. 5,249,285 for WFS A WORKFORCE SOFTWARE COMPANY and Design® mark in International Class 9 for use in

connection with, "computer software for timekeeping and workforce management, namely, for tracking, recording, analyzing and managing the time and activities of employees, contractors, contingent workers and other staff;" in International Class 35 for use in connection with "business planning; business strategic planning services; business management consultancy as well as development of processes for the implementation of strategy plans and management projects; structuring, optimizing, and change management consulting related to timekeeping and scheduling; business organization and management consultancy including personnel management;" and in International Class 42 for use in connection with, "consulting services related to implementation of computer software and programs for others," which registration issued July 25, 2017 and is based on an application filed in the USPTO on September 30, 2016 (hereinafter, the " '285 Registration"). A true and accurate copy of the '285 Registration is attached hereto as Exhibit D.

22.    Plaintiff's U.S. Trademark Registration Nos. 4,608,651, 4,681,022, 4,830,531, and 5,249,285 are valid, subsisting, unrevoked, and uncancelled. They constitute *prima facie* evidence of the validity of the registered marks and of the registrations thereof, and of Plaintiff's ownership of the marks shown therein. Plaintiff's trademark registrations also constitute notice to Defendants of Plaintiff's claim of ownership of the marks shown therein, as provided for in Sections 7(b), 22, and 33(a) of the Lanham Act. *See* 15 U.S.C. §§ 1057(b), 1072, and 1115(a).

23.    Plaintiff has continuously used and promoted the WORKFORCE™ SOFTWARE Marks, including WORKFORCE SOFTWARE®, WORKFORCE SOFTWARE and Design®, and its WFS A WORKFORCE SOFTWARE COMPANY and Design® marks shown in Registration Nos. 4,608,651, 4,681,022, 4,830,531, and 5,249,285 in interstate commerce in connection with its goods and services, including the goods and services identified in such Registrations.

24.    By virtue of Plaintiff's continuous and substantial use in commerce, the WORKFORCE™ SOFTWARE Marks distinguish Plaintiff's goods and services from the goods and

services of others.  As a result, Plaintiff has built up, at great expense and effort, valuable goodwill in the WORKFORCE™ SOFTWARE Marks, and owns the exclusive right to use the WORKFORCE™ SOFTWARE Marks in commerce in connection with the registered and related goods and services throughout the United States.

*Defendants' Predecessor-in-Interest Used "Workforce" for a Magazine*

25.    Upon information and belief, beginning in the 1920s, Defendants' predecessor-in-interest, Mediatec Publishing Ltd. ("Mediatec"), who conducted business as "Human Capital Media," published and distributed the Journal of Personnel Research.  Mediatec subsequently decided to change the name of its journal from the Journal of Personnel Research to "Workforce" or "Workforce Magazine."

26.    On March 27, 2018, Mediatec applied for and later obtained U.S. Trademark Registration No. 5,743,073 for the WORKFORCE mark in International Class 16 for use in connection with, "[p]rinted publications, namely, magazines, journals, and newsletters directed to the field of employment and human resources, but not featuring content concerning testing or evaluation;" and in International Class 41 for use in connection with, "[p]roviding on-line non-downloadable publications, namely, magazines, journals, and newsletters directed to the field of employment and human resources, but not featuring content concerning testing or evaluation." (hereinafter, the " '073 Registration").  Mediatec's trademark application states that it first used WORKFORCE in commerce in connection with these goods and services on September 30, 2013.

27.    Upon information and belief, Mediatec registered the <workforce.com> domain name on or about February 22, 1994, and used the domain name to advertise, promote, and distribute its Workforce Magazine.

*Defendants Acquire Human Capital Media then Change its Name to Workforce*

28.    Defendants Tanda, Tanda IP, and HCMA, themselves or through their related

companies, are in the business of offering, promoting, marketing, and advertising, printed and online publications in the field of employment and human resources, as well as employee time-and-attendance (*i.e.*, TANDA) software for employee management, timeclocking, and other related goods and services.

29.     On April 30, 2019, Defendants acquired certain trademarks and other assets of Mediatec, including, among others, U.S. Trademark Registration No. 4,219,648 for the HUMAN CAPITAL MEDIA mark, the '073 Registration for the WORKFORCE mark for use in connection with *publications*, and the <workforce.com> domain name.  Mediatec's assignment of the WORKFORCE trademark to HCMA was recorded with the USPTO on or about April 8, 2020 as Assignment No. 900544022 at Reel 006910, Frame 0568-0569.  However, because Mediatec had never used the WORKFORCE mark in connection with human relations management software, Mediatec never obtained common law or statutory rights to use the WORKFORCE mark in connection with such goods and/or services.  Consequently, Mediatec's assignment of its WORKFORCE mark to HCMA carried with it no right to use the WORKFORCE mark in connection with human relations management software.

30.     Nevertheless, upon acquiring Mediatec's assets, including the HUMAN CAPITAL MEDIA mark, the '073 Registration for the WORKFORCE mark for use in connection with *publications* (*i.e.*, Workforce Magazine), and the <workforce.com> domain name used to advertise, promote, and distribute the magazine, Defendants decided to change the name of the company from HUMAN CAPITAL MEDIA to "Workforce."

31.     Indeed, the "FAQ" section of <workforce.com> states the following:

Why is Tanda changing to Workforce.com?

As we have continued to evolve we have identified more services beyond our current offerings that we wish to develop. In order to accommodate these new products and services, we feel it necessary to move away from a brand so closely associated with time & attendance. Rebranding to workforce.com will enable us to offer our current

and future services under a unified brand; leveraging the best software and the best workforce management research/editorial.

Workforce.com and the Workforce Magazine has been around for over 97 years, leading the way in scientific, workforce management research and the application of such to advance the happiness, welfare and efficiency of those who work. At Tanda, we too strive to make workforces successful which made the decision to bring everything under the workforce.com banner an easy one.

*See* https://www.workforce.com/faqs (last visited Dec. 10, 2020).

32.     On October 15, 2019, Tanda IP filed U.S. Trademark Application Serial No. 88/654,970 with the United States Patent and Trademark Office (the "USPTO") seeking registration of its WORKFORCE and Design mark in International Class 9 for use in connection with "downloadable software for employee management and timeclocking," and in International Class 42 for use in connection with, "providing online non-downloadable software for employee management and timeclocking; Software as a Service (SAAS) for employee management and timeclocking." (hereinafter, the "Tanda Application").

*Defendants' Infringement of the Workforce™ Software Marks*

33.     Having acquired Mediatec (*i.e.*, Human Capital Media), in April, 2019, Defendants have since begun using the WORKFORCE & Design mark (depicted below) in commerce in connection with their *software* for employee management and timeclocking:



34.     Defendants' also use a version of the WORKFORCE and Design mark (depicted below) to offer competing human resources management ***software*** in commerce both in the domain name of Defendants' <workforce.com> website and on the website itself:



35.     Instead of offering only the Workforce Magazine publication, Defendants' revamped

<workforce.com> website now offers "Advanced scheduling, time & attendance, employee engagement and automated labor compliance" *software*. The website describes Defendants' software products as including, "Scheduling Software," "Time and Attendance Software," "Employee App," "Workforce Analytics," and "Labor and Compliance." Under the "Product" tab, the website lists the following specific software applications: "Time Clock App," "Auto Scheduling," "Employee Onboarding," "Workforce Chat," "Time-Off," "Live Wage Tracker," "Shift Swapping," "Shift Feedback," "Shift Ratings," "GPS Clock-ins," and "Payroll Integration." *See* https://www.workfore.com (last visited Dec. 10, 2020).

36.     Defendants are using their WORKFORCE and Design mark in commerce and on <workforce.com> in connection with the same or similar goods in International Class 9 and in connection with the same or similar services in International Class 42 as those offered by Plaintiff. Defendants are doing so without having prior common law or statutory rights to use their WORKFORCE and Design mark in connection with *software*, without a license from Plaintiff, and without Plaintiff's authorization or consent.

37.     Indeed, Plaintiff's acquisition of common law rights in its family of WORKFORCE™ SOFTWARE Marks well predates the October 15, 2019 filing date of the Defendants' application to register their WORKFORCE and Design mark. As a result, Plaintiff's common law rights in Plaintiff's WORKFORCE™ SOFTWARE Marks for use in connection with computer software for timekeeping and workforce management and related goods and services have priority over Defendants' unauthorized use of the same or confusingly similar marks for the same or related goods and services.

38.     The filing dates of Plaintiff's respective trademark applications, each of which matured into the '651 Registration, the '022 Registration, the '531 Registration, and the '285 Registration all preceded the October 15, 2019 filing date of the Defendants' application to register

their WORKFORCE and Design mark. As a result, Plaintiff's statutory rights in Plaintiff's WORKFORCE™ SOFTWARE Marks for use in connection with computer software for timekeeping and workforce management and related goods and services have priority over Defendants' unauthorized use of the same or confusingly similar marks for the same or related goods and services.

39.    Defendants' WORKFORCE and Design marks so resemble Plaintiff's WORKFORCE™ SOFTWARE Marks, as to be likely, when used on or in connection with the same or related goods and/or services to cause confusion, or to cause mistake, or to deceive consumers as to the source or origin of Plaintiff's goods and/or services.

| Plaintiff's Marks | Defendants' Marks |
|---|---|
|  |  |
|  |  |

40.    Defendants' unauthorized and continuing use of its confusingly similar WORKFORCE and Design marks is causing Plaintiff to suffer monetary loss and irreparable injury to its business, reputation, and goodwill. Absent a preliminary and permanent injunction, Plaintiff will continue to suffer irreparable injury to its business, reputation, and goodwill in its WORKFORCE™ SOFTWARE Marks.

*History of the Parties' Dispute*

41.    On March 5, 2020, Tanda *and* Tanda IP filed a Petition for Cancellation with the USPTO seeking cancellation of Plaintiff's U.S. Trademark Registration No. 4,608,651 for its WORKFORCE SOFTWARE mark (hereinafter, the "Cancellation Proceeding"). In the Cancellation

11

Proceeding, Tanda *and* Tanda IP allege, *inter alia*, that they are "in the business of offering . . . a market-leading technology platform that includes software for employee management and timeclocking, and other related goods and services." (Pet. for Cancellation ¶¶ 3-6.) They allege use of their WORKFORCE and Design mark[1] in commerce in connection with their "technology platform that includes software for employee management and timeclocking." (*Id.*) They claim that Plaintiff's '651 Registration for its WORKFORCE SOFTWARE mark must be cancelled because the mark is generic. (*Id.* ¶¶ 16-.24.)

42.    On September 2, 2020, Plaintiff filed a Notice of Opposition with the United States Trademark Trial and Appeal Board seeking to prevent the Tanda Application from maturing into a federal trademark registration. The proceeding was assigned No. 91264550 (hereinafter, the "Opposition Proceeding"). In the Opposition Proceeding, Plaintiff asserts that its family of WORKFORCE™ SOFTWARE Marks for use in connection with: "computer software for timekeeping and workforce management," and alleges it will be harmed by Tanda IP's registration of its confusingly similar WORKFORCE and Design mark for the same or related services.

43.    On October 12, 2020, Tanda IP filed its Answer in the Opposition Proceeding and, *along with Tanda, Inc.*, filed a counterclaim against Plaintiff seeking cancellation of Plaintiff's U.S. Trademark Registration No. 4,608,651 for its WORKFORCE SOFTWARE mark (hereinafter, the "Cancellation Counterclaim"). The Cancellation Counterclaim is duplicative of the Cancellation Proceeding. In the Cancellation Counterclaim, Tanda and Tanda IP again claim that Plaintiff's '651 Registration for its WORKFORCE SOFTWARE mark must be cancelled because the mark is generic.

44.    Plaintiff now files this civil action to address Defendants' infringement of Plaintiff's

---

[1] Tanda claims that it is using the mark "UWORKFORCE." However the mark Tanda asserts does not begin with the capital letter "U", but rather, a design element that looks like two persons facing one another:



WORKFORCE™ SOFTWARE Marks and to fully and finally resolve the parties' dispute.

## COUNT I
### (Trademark Infringement in Violation of the Lanham Act, 15 U.S.C. § 1114)

45. Plaintiff incorporates the allegations in the preceding paragraphs as if fully set forth herein.

46. Defendants' unauthorized use of their confusingly similar WORKFORCE and Design marks in commerce constitutes a reproduction, copying, counterfeit, and colorable imitation of Plaintiff's WORKFORCE™ SOFTWARE Marks in a manner that is likely to cause confusion or mistake or is likely to deceive consumers.

47. Defendants' unauthorized use of their confusingly similar WORKFORCE and Design mark in connection with nearly identical software and consulting services constitutes infringement of Plaintiff's rights in its registered WORKFORCE™ SOFTWARE Marks, as it likely to cause confusion or mistake, or to deceive, as to the origin, sponsorship or approval of Defendants' goods and services, in violation of 15 U.S.C. § 1114(1)(a).

48. As a direct and proximate result of Defendants' infringement of Plaintiff's WORKFORCE™ SOFTWARE Marks, Plaintiff has suffered, and will continue to suffer, monetary loss and irreparable injury to its business, reputation, and goodwill.

49. Defendants' willful and defiant disregard of Plaintiff's rights in the registered WORKFORCE™ SOFTWARE Marks makes this an exceptional case for which an award of Plaintiffs' reasonable attorneys' fees, costs, and exemplary damages is warranted.

## COUNT II
### (Common Law Trademark Infringement)

50. Plaintiff incorporates the allegations in the preceding paragraphs as if fully set forth herein.

51. Defendants' unauthorized use of their confusingly similar WORKFORCE and Design

marks in commerce constitutes an infringement of Plaintiff's WORKFORCE™ SOFTWARE Marks under the common law.

52.     As a direct and proximate result of Defendants' infringement of Plaintiff's WORKFORCE™ SOFTWARE Marks, Plaintiff has suffered, and will continue to suffer, monetary loss and irreparable injury to its business, reputation, and goodwill.

**COUNT III**
**(Federal Unfair Competition in Violation of**
**the Lanham Act U.S.C. § 1125(a))**

53.     Plaintiff incorporates the allegations in the preceding paragraphs as if fully set forth herein.

54.     Defendants' unauthorized use of their confusingly similar WORKFORCE and Design mark in commerce constitutes a false designation of origin which is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association between Plaintiff and Defendants, or as to the origin, sponsorship, or approval of Defendants' goods or services by Plaintiff.

55.     As a direct and proximate result of Defendants' unfair competition, Plaintiff has suffered, and will continue to suffer, monetary loss and irreparable injury to its business, reputation, and goodwill.

**COUNT IV**
**(Common Law Unfair Competition)**

56.     Plaintiff incorporates the allegations in the preceding paragraphs as if fully set forth herein.

57.     Defendants' unauthorized use of their confusingly similar WORKFORCE and Design mark in commerce constitutes unfair competition under the common law.

58.     As a direct and proximate result of Defendants' unfair competition, Plaintiff has suffered, and will continue to suffer, monetary loss and irreparable injury to its business, reputation, and goodwill.

## COUNT V
### (Cybersquatting in Violation of the ACPA
### 15 U.S.C. § 1125(d))

59.     Plaintiff incorporates the allegations in the preceding paragraphs as if fully set forth herein.

60.     The Defendants have registered, trafficked in, and/or used the domain name <workforce.com>.

61.     The domain name is confusingly similar to Plaintiff's WORKFORCE™ SOFTWARE Marks.

62.     Upon information and belief, the Defendants have or had a bad faith intent to profit from Plaintiff's WORKFORCE™ SOFTWARE Marks when they registered, trafficked-in, and/or used the domain name <workforce.com>.

63.     As a direct and proximate result of Defendants' conduct, Plaintiff has suffered, and will continue to suffer, monetary loss and irreparable injury to its business, reputation, and goodwill.

## COUNT VI
### (Order Denying Trademark Registration
### 15 U.S.C. § 1119)

64.     Plaintiff incorporates the allegations in the preceding paragraphs as if fully set forth herein.

65.     In any action involving a registered mark, the Court may determine the right to registration.

66.     In light of the Defendants' infringement of Plaintiffs' registered trademarks, the Court should order, pursuant to 15 U.S.C. § 1119, that the USPTO deny registration of Defendants' Application Serial No. 88/654,970.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that the Court grant the following relief:

1.      That the Court preliminarily and permanently enjoin and restrain Defendants, as well as their successors, assigns, officers, agents, and employees from:

      a.      Infringing upon Plaintiff's trademarks, service marks, design marks, or trade names, including, but not limited to, Plaintiff's WORKFORCE™ SOFTWARE Marks;

      b.      Registering, using, or trafficking in any domain name that is identical or confusingly similar to any of Plaintiff's WORKFORCE™ SOFTWARE Marks, including, but not limited to <workforce.com>; and

      c.      Aiding or assisting any other third party in subsections 1(a) and 1(b) above;

2.      That the Court order the transfer of the <workforce.com> domain name and any other domain name identical or confusingly similar to Plaintiff's WORKFORCE™ SOFTWARE Marks to Plaintiff;

3.      That the Court award Plaintiff its actual damages, lost profits, consequential damages, exemplary damages, statutory damages, and any other damages allowable under law;

4.      That the Court award Plaintiff its costs and attorneys' fees;

5.      That the Court order the USPTO to deny registration of Defendants' Application Serial No. 88/654,970;

6.      That the Court declare the validity of Plaintiff's U.S. Trademark Registration No. 4,608,651; and

7.      That the Court award Plaintiff any other relief to which it is entitled at law or in equity.

## **JURY DEMAND**

Plaintiff demands a trial by jury on all issues so triable.

Dated: this 11th day of December, 2020

      HOWARD & HOWARD ATTORNEYS PLLC

      By: /s/ Robert H. Smeltzer_____
      Illinois Bar No. 6208507

200 South Michigan Avenue, Suite 1100
Chicago, IL 60604
Phone: (312) 372-4000
Fax: (312) 939-5617
Email: rsmeltzer@HowardandHoward.com

By: /s/ Daniel H. Bliss
(Admission *Pro Hac Vice* Pending)
450 West Fourth Street
Royal Oak, MI 48067
Phone: (248) 723-0389
Fax: (248) 645-1568
Email: dblisss@HowardandHoward.com

By: /s/ Jonathan W. Fountain
(Admission *Pro Hac Vice* Pending)
3800 Howard Hughes Parkway, Suite 1000
Las Vegas, NV 89169
Phone: (702) 257-1483
Fax: (702) 567-1568
Email: jfountain@HowardandHoward.com

4845-2011-8740, v. 1